UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.D.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-04631-NC<br><br>**ORDER REVERSING ADMINISTRATIVE LAW JUDGE DECISION IN PART AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>Re: ECF 1, 7, 11, 12 |

Claimant S.D. appeals from an Administrative Law Judge's denial of her application for social security benefits. Claimant contends the ALJ erred in (1) rejecting medical opinion evidence; and (2) finding Claimant's testimony inconsistent with the record. This Court finds that the ALJ did not provide an explanation supported by substantial evidence for rejecting the medical opinion evidence but did give clear and convincing evidence for finding Claimant's testimony inconsistent. Accordingly, this Court reverses the ALJ's decision in part and remands for further proceedings.

## I. BACKGROUND

### A. Procedural History

Claimant filed for disability insurance benefits on November 15, 2017, under Title II of the Social Security Act, alleging that she had become disabled on April 22, 2017. AR 337–338. Claimant's application was denied initially and upon reconsideration. AR 134–136, 138–140. An ALJ held an administrative hearing on June 13, 2022, at which Claimant and a vocational expert testified. AR 47–49. The ALJ issued an unfavorable decision on June 29, 2022. AR 23–26. The ALJ followed the five-step analysis required

in disability determinations and found that (1) Claimant had not engaged in substantial gainful activity since April 22, 2017, the alleged onset date; (2) Claimant had several severe impairments; (3) Claimant's impairments did not meet or equal the criteria in the Listing of Impairments; (4) Claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except she was able to occasionally perform postural activities and her job should not include regular interaction and communication with the general public for primary duties; (5) Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record; (6) Claimant could not perform any past relevant work, and (7) that jobs existed in significant numbers matching Claimant's RFC. AR 23–36. Therefore, the ALJ found that Claimant was not disabled at any time from Claimant's alleged onset date of April 22, 2017, through the date of the ALJ's decision. AR 36. Claimant timely filed a complaint with this Court on September 11, 2023. ECF 1. All parties have consented to magistrate judge jurisdiction. ECF 3, 5.

**B.   Factual History**

    **1.   Medical Opinion Evidence**

Claimant challenges the ALJ's weighing of opinions from physicians Dr. Radabaugh, Dr. Regets, and Dr. Brown. This Court briefly summarizes the findings of those physicians below.

        **a.   Dr. Radabaugh**

Dr. Radabaugh performed a psychological consultative examination of Claimant on March 26, 2018. AR 810–815. Dr. Radabaugh opined that Claimant's functioning in several areas was fair to poor. AR 810–815.

        **b.   Dr. Regets**

Dr. Regets completed a mental RFC assessment, finding, among other things, that Claimant was capable of understanding, carrying out, and remembering short, simple, and well-learned instructions on a regular basis in a competitive work environment through a

normal workday/workweek while remaining focused and attentive for extended, two-hour or more segments. AR 92. Dr. Regets found that Claimant would be able to work in an independent work setting requiring only quick and short social demands/interactions with the general public and coworkers. AR 92. Dr. Regets also opined that Claimant had the ability to ask and accept simple instructions. AR 92. Dr. Regets found that Claimant had depressive, bipolar and related disorder, and anxiety and obsessive-compulsive disorders. AR 89. Dr. Regets found that Claimant had moderate impairments in the ability to interact with others and moderate impairments in concentration, persistence, or pace, as well as no limitations in understanding, remembering, or applying information and adapting or managing oneself. AR 89.

      **c.**    **Dr. Brown**

Dr. Brown made similar findings to Dr. Regets but also included the ability to function with well-learned semi-skilled work. AR 129.

    **2**.    **Symptom Testimony**

Claimant testified that the following impairments limit her ability to work: bipolar disorder, depression, anxiety, grief, thyroid, arthritis, bladder leakage, stress, oral lichen planus, and carpal tunnel syndrome. AR 28. She reported she is 5'3" and 226 pounds, establishing the presence of obesity, and she is unable to lose weight because of her thyroid problems. AR 28–29. Claimant testified that she does not engage in any social activities, reported conflict with her landlord, and said she had lost a job due to erratic behavior. AR 28. Claimant stated that she has been unable to work since her boyfriend died in 2017, which caused her to develop PTSD. AR 29. Claimant testified that she is tired frequently because of her depression and thyroid problems. AR 29.

**II. LEGAL STANDARD**

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). Courts reviewing an ALJ decision "must consider the entire record as a whole*." Garrison*

*v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

A court should disturb the decision of the Commissioner only if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance."). Even when the ALJ commits legal error, the decision must be upheld if the error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld. *Andrews v. Shalala*, 53 F.3d 102, 1039–40 (9th Cir. 1995).

### III. DISCUSSION

This Court addresses Claimant's two challenges to the ALJ's decision: (1) weighing of medical evidence, and (2) consistency determination on Claimant's symptom testimony.

#### A. Medical Opinion Evidence

An ALJ must consider all medical opinion evidence. See *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). And where medical opinions contradict one another, the ALJ must resolve the conflict. *Andrews*, 53 F.3d at 1041 (citing *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989)). This requires "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Under the revised rules, the ALJ is no longer required to defer to or assign each medical opinion a specific evidentiary weight. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ will articulate the persuasiveness of the medical opinions or prior administrative findings, the most important factors being consistency and supportability. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b); see *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir.

4

2022). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant…objective medical evidence." *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is consistent…with the evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). Other factors may be considered, including the treatment relationship, specialization, and whether the source has familiarity with other evidence in the claim or an understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(a), (c), 416.829c(a), (c). Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods*, 32 F.4th at 792. The agency must "articulate…how persuasive" it finds "all of the medical opinions" from each doctor or source, and "explain how [it] considered the supportability and consistency factors" in reaching these findings. *Id*. (citing 20 C.F.R. § 404.1520c(b) and § 404.1520c(b)(2)).

The ALJ did not provide an explanation supported by substantial evidence for rejecting the opinion evidence from Dr. Radabaugh and prior administrative findings. Dr. Radabaugh opined that Claimant's functioning in several areas was fair to poor. AR 810–815. The ALJ found this opinion "not persuasive," reasoning that the assessment appeared to be based on Claimant's own statements, and the level of dysfunction Claimant described was not documented throughout the relevant period. AR 33, 810–815. However, the ALJ did not cite specific parts of Dr. Radabaugh's opinion that appeared to be based on Claimant's own statements, nor provide specific and detailed reasons why he believed the assessment appeared to be based on Claimant's own statements. The ALJ did not identify any inconsistency in history, treatment, or current level of function as assumed by Dr. Radabaugh and the medical records. The ALJ also did not point to any aspects of Dr. Radabaugh's evaluation that do not correspond with the standard of care or the Commissioner's direction, nor cite any medical evidence that Claimant ever regained the

5

ability to interact with others. For each of these conclusions about the issues with the ALJ's evaluations of the Dr. Radabaugh opinion, the Court itself also did not find substantial evidence in the record to support the ALJ's conclusions.

The ALJ specifically referenced Dr. Regets' State agency initial determination, noting that Dr. Regets' opinion was deemed insufficient during a quality review. AR 32. However, the ALJ did not discuss the details of the quality review, specifically why Dr. Regets' opinion was deemed insufficient, or the methodology of the quality review. The quality review assessment was not in the record, and referring to a non-exhibit fails to provide a basis for assigning weight that has the support of substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ specifically found that Dr. Brown's opinion was partially persuasive, but the record did not support limitations in regard to interacting with coworkers or supervisors, or in performing simple, repetitive tasks. AR 33. In assessing Claimant's disability claim, the ALJ noted that Claimant did not have any cognitive impairments, and there was no evidence of significant limitations in this area, other than Dr. Radabaugh's report showing possible learning disorder. AR 26–27, 810–815. The ALJ also noted that in later examinations in August 2019, October 2019, November 2020, December 2020, January 2021, and April 2021, Claimant continued to report doing well and medical reviews of systems were normal. AR 30–34, 1004–1095. The ALJ thoroughly evaluated the evidence of record. AR 26–34.

Accordingly, this Court finds that the ALJ failed to provide an explanation supported by substantial evidence for rejecting the opinion evidence of Dr. Radabaugh and Dr. Regets.

### B. Symptom Testimony

Claimant argues that the ALJ failed to properly credit her symptom testimony. When evaluating a claimant's testimony about subjective symptoms, an ALJ must engage in a two-step analysis. *Garrison*, 759 F.3d at 1014–1015. First, the ALJ evaluates whether objective medical evidence of an underlying impairment "could reasonably be expected to

produce the" symptoms alleged. *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). The claimant is not expected to show that her impairment is expected to cause the severity of symptoms claimed; she only needs to show that the impairment could cause some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, if the claimant satisfies step one and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear, and convincing reasons for doing so. Id. at 1281. "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, F.3d at 1014–15 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 290, 294 (9th Cir. 2002)) (internal quotation marks omitted). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment. *Orn*, 495 F.3d at 636.

Here, at step one the ALJ found Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 29. At step two, the ALJ found Claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 29.

The ALJ addressed inconsistencies in Claimant's statements about the intensity, persistence, and limiting effects of her symptoms in clear and convincing detail. *See Smolen*, 80 F.3d at 1282. The ALJ stated that the medical record did not support the level of dysfunction alleged by the claimant. AR 29. The ALJ identified Claimant's testimony regarding depression, manic episodes, failure of medications, and poor sleep as not credible and pointed to reports in the record stating that her review of systems during

7

medical appointments at the time of this testimony was normal.  AR 30.  The ALJ pointed to specific exhibits in the record containing testimony from Claimant that she was much happier that she had her own apartment with more space and privacy, and that a large part of her mood issue was living in a single room in a residence with other people.  AR 30.  The ALJ found Claimant's issues with motivation attributable to season and living circumstances and cited to Claimant's medical provider's report stating this.  AR 30.  Finally, the ALJ acknowledged that Claimant's complaints of low energy and lack of motivation were well-documented in the medical record but pointed to the fact that there was marijuana use documented through 2018 and a stressful living situation through 2020, with improvement noted when these factors were eliminated.  AR 31.

Based on the ALJ's detailed review of these combined inconsistencies, this Court finds the ALJ provided clear and convincing reasons for this consistency determination.

## IV.  CONCLUSION

On AR 24 and 26, the ALJ states they do not find a disability from April 2017 through the date of this decision.  The definition of disability is for any 12 month period.  42 U.S.C. § 423(d)(1)(A).  On remand, the ALJ should be sure to look at whether there was any 12 month period from the alleged onset of disability when the claimant was disabled, particularly during the time before the claimant's symptoms improved.

Finding that the ALJ failed to provide an explanation supported by substantial evidence for rejecting the opinion evidence of Dr. Radabaugh and Dr. Regets, this court REVERSES the ALJ's decision in part and REMANDS for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated:  July 10, 2024                       _____

NATHANAEL M. COUSINS

United States Magistrate Judge